IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYRONE D. RICHARD a/k/a TYROND DWAYNE RICHARD, TDCJ NO. 1816974, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. H-14-0303 |
| v. | § § | |
| STEVEN M. GOINS, et al., | § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Tyrone D. Richard (a/k/a Tyrond Dwayne Richard), a Texas prisoner, has filed a civil rights complaint ("Complaint") against his former defense attorney, a paralegal employed by the Harris County District Attorney's Office, and the former Harris County District Attorney for their involvement in an alleged illegal forfeiture of his property. This prisoner action will be dismissed under 28 U.S.C. § 1915(e) because it is frivolous.

**I.   Claims and Allegations**

Richard is incarcerated in the Texas Department of Criminal Justice ("TDCJ") serving a 30-year sentence for possession of a controlled substance, cocaine. State v. Richard, No. 1336435 (180th Dist. Ct., Harris County, Tex. Oct. 16, 2012), aff'd, Richard v. State, No. 01-12-00995-CR, 2013 WL 3155957 (Tex. App. – Houston [1st Dist.] June 20, 2013, pet. ref'd). He alleges that

Houston Police Officer Guadalupe Duron conducted unlawful searches of Richard, his vehicle, and a passenger in Richard's vehicle that resulted in a forfeiture of his money (Complaint, Docket Entry No. 1, p. 4). Richard identifies Steve Goins as a legal assistant who "irreligiously did not admit Bank statements or [other] information into evidence" and as a result $3,698.00 in currency was never returned to Richard (Complaint, Docket Entry No. 1, p. 3). Court records for Cause No. 1336435 reveal that Richard had hired Steven Michael Goins, a licensed attorney, to defend him against the state felony charges for possession of cocaine. See Harris County District Clerk Website: http://www.hcdistrictclerk.com.

Richard also names former District Attorney Pat Lykos as a defendant (Complaint, Docket Entry No. 1, p. 4). He alleges that Lykos failed to conduct a correct investigation of the seizure and forfeiture. Richard also names as a defendant Richard Kendrick, a paralegal working in the forfeiture division of the Harris County District Attorney's Office. Id. He alleges that Kendrick failed to notify him of the forfeiture. Richard seeks a "live hearing" in which he will be permitted to present the recording made by the police dash camera in order to challenge the validity of the search and seizure. Id.

## II. **Analysis**

The Supreme Court has held that a plaintiff may not seek damages under 42 U.S.C. § 1983 for an unconstitutional conviction

or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" until he has shown that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Morris v. McAllester, 702 F.3d 187, 190 (5th Cir. 2012), quoting Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Heck has been applied to actions involving challenges to civil forfeitures where such claims would undermine the validity of the criminal conviction resulting from the challenged searches and seizures. Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and Firearms, 452 F.3d 433, 461 (6th Cir. 2006); Rashid v. United States, 205 F. App'x 952, 953 (3d Cir. 2006); Dadi v. Hughes, 67 F. App'x 242, 2003 WL 21108550, *1 (5th Cir. Apr. 22, 2003) ("Dadi's claim that he is an innocent owner implicates the validity of his conviction and is thus barred by Heck v. Humphrey.") (not published). Heck also applies where a plaintiff seeks injunctive or declaratory relief which, if granted, would necessarily imply that a conviction is invalid. Mann v. Denton County Texas, 364 F. App'x 881, 883 (5th Cir. 2010), citing Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002), overruled on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

In this action Richard complains about the forfeiture of cash that was seized at the time of his arrest for cocaine possession.

This seizure occurred when a police officer frisked Richard after removing him from a car where 26 grams of crack cocaine was found. Richard, 2013 WL 3155957, at *1. Richard was convicted based on the evidence found when he was arrested, and the Court of Appeals for the First District of Texas upheld his cocaine possession conviction in spite of his challenge to the sufficiency of the evidence. Richard argued that the State failed to prove that he intentionally or knowingly possessed the cocaine, an element of the offense. Id. at *2. He also argued that the State failed to prove that he knew that the bag he handed to his passenger actually contained cocaine. Id. at *4.

The Court of Appeals held that if Richard was not in exclusive possession of the contraband cocaine, then additional independent facts and circumstances may be used to affirmatively link the defendant to the contraband. Id. at *3. Possible links include whether the defendant was carrying a large amount of cash. Id. at *4. In summarizing the evidence linking Richard to the cocaine, the Court of Appeals noted that the police officer who removed Richard from his car found $3,698 on Richard's person. Id. at *5. The Court concluded that the circumstantial evidence, including the cash found on Richard, constituted sufficient evidence to support the judgment of conviction. Id.

Richard's civil rights claim is based on an allegation that money was taken from him in an illegal search. Such a claim questions the validity of his conviction for cocaine possession.

Ervin v. Dallas County Dist. Attorney's Office, --- F. App'x ---, 2014 WL 545485, *1 (5th Cir. Feb. 12, 2014), citing Penley v. Collin County, Tex., 446 F.3d 572, 572-73 (5th Cir. 2006). Consequently, this claim will be dismissed because Richard has failed to show that the conviction has been reversed or otherwise invalidated. Id., citing Heck, 114 S. Ct. at 2372; Morris, 702 F.3d at 190; Brandley v. Keeshan, 64 F.3d 196, 199 (5th Cir. 1995).

Richard's claim against Pat Lykos and her staff are subject to dismissal because prosecutors are absolutely immune from personal liability for actions taken within their official capacities. Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976); Esteves v. Brock, 106 F.3d 674, 677 (5th Cir. 1997). Richard's claim against his former attorney Steven Goins has no merit because private attorneys are generally not state actors subject to § 1983 liability. Uresti v. Reyes, 506 F. App'x 328, 329 (5th Cir. 2013), citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996).

Because Richard's claims have no merit, this action will be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2) because it lacks an arguable basis in law. Id.; Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

Richard's Application to Proceed In Forma Pauperis (Docket Entry No. 2) will be granted. However, Richard is obligated to pay the entire filing fee ($350.00) under 28 U.S.C. § 1915(b). The Inmate Trust Fund of the Texas Department of Criminal Justice shall deduct 20% of each deposit made to Richard's account and forward

the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the fee has been paid.

### III. Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3. The Complaint Under 42 U.S.C. § 1983, Civil Rights Act (Docket Entry No. 1), filed by Inmate Tyrone D. Richard, TDCJ No. 1816974, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the Pro Se Clerk for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702; and the TDCJ Inmate Trust Fund, P.O. Box 60, Huntsville, Texas 77342-0060.

**SIGNED** at Houston, Texas, on this 21st day of February, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE